UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DOTY SCOTT ENTERPRISES, INC.,

Plaintiff,

v.

SECTOR 10, INC. et al.,

Defendants.

Case No. 3:09-cv-2616-GPC-WVG

**ORDER GRANTING DEFENDANT'S MOTIONS TO COMPEL ARBITRATION AND STAY CASE**

**[ECF NOS. 64, 65]**

## BACKGROUND

On October 16, 2009, plaintiff Doty Scott Enterprises, Inc. ("Plaintiff") filed suit against defendant Sector 10, Inc. ("Defendant") and others in the Superior Court of California, County of San Diego.[1] In its Complaint, Plaintiff asserted claims for (1) breach of contract, (2) fraud, and (3) breach of the covenant of good faith and fair dealing, requesting damages and specific performance. (ECF No. 1.) On November 19, 2009, Defendant answered the Complaint, asserting, among other defenses, that "Plaintiffs claims are barred because they are subject to mandatory arbitration." (ECF No. 1.) On the same day, Defendant removed the action to this Court, alleging diversity jurisdiction. (ECF No. 1.)

Plaintiff alleges that, on or about November 13, 2007, Plaintiff and Defendant entered into a financial advisory services agreement, whereby Plaintiff was to provide certain accounting review and

[1] The state-court case is identified by case number 37-2009-00060966-CU-BC-NC, and the remaining defendants were dismissed by order dated October 13, 2011. (See ECF Nos. 1, 38.)

consulting services in connection with Defendant's public filings with the Securities and Exchange Commission relating to certain convertible notes that Defendant issued to third parties. Defendant was to pay Plaintiff $8,750 for services rendered prior to entering the agreement. In addition, Defendant was to pay, at the time of entering the agreement, a $2,500 retainer and all other fees due and owing as of November 30, 2007. In the alternative, Defendant was to issue a promissory note for the full amount due and owing as of the date the parties entered into the agreement. Pursuant to the agreement, Defendants agreed to engage Plaintiff for a minimum of one year of quarterly updates relating to the convertible notes.

The agreement contains a "Binding Arbitration" provision that states in relevant part:

> Upon the demand of either party, any dispute, controversy or claim arising out of or relating to this Agreement, or the breach, termination or invalidity thereof, or that arises out of the relationship of the parties shall be resolved by mandatory binding arbitration in San Diego, California. If despite demand, an action is commenced or prosecuted in any court, the party demanding arbitration may bring any action in any court of competent jurisdiction to compel arbitration of such matters.

Plaintiff alleges it performed its services under the agreement and that Defendant benefitted thereby, in that Defendant continues to use and rely on the SEC filings that Plaintiff prepared for Defendant.

Plaintiff alleges that, on or about November 30, 2007, Plaintiff delivered to Defendant invoices totaling $16,346 for work done under their agreement, but that Defendant failed to issue any payment. Plaintiff alleges that, as such, the outstanding balance was automatically converted under the terms of the promissory note.

Plaintiff alleges that, according to the terms of the promissory note, the entire balance has been due since December 30, 2007, and that, because no payment has been made, the promissory note is in default.

Plaintiff further alleges that, in July 2009, it sent a conversion demand, demanding that – pursuant to the promissory note – the outstanding balance of the note (then totaling $20,775.76, including interest) be converted into 3,462,626 free-trading and unrestricted shares of Defendant's common stock. Plaintiff alleges that, as of the date it filed its Complaint, the value of the conversion shares was valued at $1,038,787 per Bloomberg, LP's valuation of Defendant's stock at $0.30 a share.

Plaintiff alleges that, following delivery of the invoices in November 2007, Defendant ceased contact with Plaintiff. This action ensued.

After removal to this Court, this case proceeded in due course. No dispositive pretrial motions were filed, and the parties have conducted no discovery, (see ECF No. 23). On August 26, 2011, Judge Hayes held a pretrial conference, setting the matter for a jury trial on January 24, 2012. Thereafter, the trial date was vacated, Defendant's counsel of record withdrew, Defendant retained new counsel, and no other significant action occurred until August 24, 2012, when Judge Hayes set a pretrial conference for September 14, 2012. That pretrial conference was converted to a status hearing, in which Judge Hayes requested that the issue of arbitration be briefed by November 15, 2012, setting an additional status hearing for December 7, 2012. Thereafter, Judge Hayes transferred the case to this Court, and Defendant filed the instant Motion to Compel Arbitration and Stay Action. (ECF Nos. 64, 65.) Plaintiff filed an opposition to the Motion to Compel, (ECF No. 68), and Defendant filed a reply, (ECF No. 69).

## DISCUSSION

### I. Legal Standard

The FAA requires the enforcement of arbitration contracts. See 9 U.S.C.A. § 1 et seq. More specifically, the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2.

This provision reflects both "a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." AT & T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011) (internal quotations omitted). Arbitration agreements are treated as any other contracts and are enforced according to their terms. Id. Section 2 of the FAA thus allows arbitration agreements to be declared unenforceable "upon such grounds as exist at law or in equity for revocation of any contract." 9 U.S.C.A. § 2.

The right to demand arbitration may also be waived. Whether arbitration has been waived is governed by state law. See Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1124-25 (9th Cir. 2008) (applying California law to issue of waiver). The California Supreme Court has set forth the following factors to determine whether arbitration has been waived:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

St. Agnes Med. Ctr. v. PacifiCare of Cal., 31 Cal. 4th 1187, 1196 (2003). "[A] party who resists arbitration on the ground of waiver bears a heavy burden." Id. at 1195.

As to prejudice, "merely participating in litigation, by itself, does not result in a waiver"; thus, "courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses." Id. at 1203. Moreover, "a petitioning party does not waive its arbitration rights merely by seeking to change judicial venue of an action prior to requesting arbitration." Id. at 1205. Instead, "[p]rejudice typically is found only where the petitioning party's conduct has substantially undermined" the policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution or "substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." Id. at 1204.

"For example, courts have found prejudice where the petitioning party used the judicial discovery processes to gain information about the other side's case that could not have been gained in arbitration; . . . where a party unduly delayed and waited until the eve of trial to seek arbitration; . . . or where the lengthy nature of the delays associated with the petitioning party's attempts to litigate resulted in lost evidence." Id.

As to timeliness, California courts "have held that the failure to make a timely demand for arbitration results in a 'waiver' of the right to compel arbitration." Zamora v. Lehman, 186 Cal. App. 4th 1, 12 (2010) (citing Platt Pacific, Inc. v. Andelson, 6 Cal. 4th 307 (1993)). Where an arbitration agreement specifies the time in which arbitration must be demanded, then failure to comply with such

a provision results in the relinquishment of the right to demand arbitration. See id. at 13.

The FAA provides that an action may be stayed where a court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement" and where one of the parties has requested to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

## II. Analysis

Defendant argues it has not engaged in conduct that would be deemed a waiver of arbitration. Defendant notes that, despite the delay in filing its motion to compel arbitration, no discovery has been conducted, and Defendant has filed no counterclaims against Plaintiff. Defendant argues "Plaintiff can point to no more prejudice than some costs and legal expenses for litigating the action to date." This, Defendant argues, "is not the kind of prejudice that results in a waiver." Defendant further argues that its demand for arbitration is timely, as it demanded arbitration as an affirmative defense to Plaintiff's Complaint and then "consistently thereafter."[2] Defendant finally notes that it was Judge Hayes who again raised the issue of arbitration at the September 2012 status hearing.

In opposition, Plaintiff does not contest the validity of the arbitration agreement. Instead, Plaintiff argues Defendant waived its right to demand arbitration, emphasizing Defendant's delay in bringing the instant motion. Plaintiff asserts that, "[i]n preparation for trial, all discovery was completed, trial exhibits were exchanged, and the parties filed Trial Briefs and Proposed Jury Instructions." Plaintiff also asserts that Defendant's "previous counsel stated that it would not pursue or raise the issue of arbitration at trial." Plaintiff further asserts "[t]his matter is immediately ready for trial once a new trial date is set," and, without explaining why, that Plaintiff would be "severely prejudiced should the Court grant this Motion."

In reply, Defendant argues that, "[o]ther than delay, Plaintiff has not identified any prejudice resulting from the filing of the motions." Defendant asserts that the work done thus far – memoranda of contentions of fact and law and trial briefs – "would be entirely consistent with the disclosures required in arbitration." Defendant contends that even the proposed jury instructions would be useful

---

[2] Defendant notes that, after demanding arbitration as an affirmative defense, it again raised the issue of arbitration in its Memorandum of Contentions of Fact and Law at ECF No. 25.

in arbitration to "define the factual and legal issues in the case." Defendant argues "the case is as ready for arbitration as it was for trial." Defendant further argues that proceeding with a jury trial would be far less economical than proceeding to arbitration. As to delay, Defendant asserts the record demonstrates the parties have spent most of their energies on trying to settle the case. Defendant argues this is consistent with the policy underlying arbitration and thus does not result in Defendant's waiver of arbitration.

The Court concludes Defendant has not waived its right to demand arbitration. While Defendant has delayed in demanding arbitration, the parties' arbitration agreement contains no specific timing provision. And, because it appears the parties have thus far spent the majority of their energies attempting to settle this case, the Court finds Defendant's actions have not been inconsistent with the policies underlying the enforcement of arbitration agreements. Moreover, the record in this case does not reflect that the parties have litigated the merits or the substance of Plaintiff's claims, or that any discovery of those claims has occurred. Nor is there any indication that Defendant used this case to gain information about Plaintiff's case that would otherwise be unavailable in arbitration. Finally, there appears no claim that Defendant's actions have impaired Plaintiff's ability to have the arbitrable disputes in this action resolved fairly through arbitration. Accordingly, the Court **GRANTS** Defendant's Motion to Compel Arbitration, and, because Defendant has requested a stay of these proceedings, the Court **GRANTS** Defendant's Motion to Stay.

**CONCLUSION**

After a review of the parties' submissions, and for the foregoing reasons, **IT IS HEREBY ORDERED** that

1. Defendant's Motion to Compel Arbitration and Motion to Stay, (ECF Nos. 64, 65), are **GRANTED**;
2. This case is **STAYED** until arbitration has been had in accordance with the terms of the parties' agreement;
3. Within two weeks following conclusion of arbitration, Defendant shall **NOTIFY** the Court of such; and

/ / /

4. The hearing on Defendant's Motion to Compel Arbitration and Motion to Stay, currently set for January 25, 2013, is **VACATED**.

DATED: January 24, 2013

HON. GONZALO P. CURIEL
United States District Judge